# U.S. District Court
## Eastern District of New York (Brooklyn)
## CRIMINAL DOCKET FOR CASE #: <u>1:16–mj–01029–RER</u> All Defendants

Case title: USA v. Animasaun

Date Filed: 11/17/2016
Date Terminated: 11/17/2016

Assigned to: Magistrate Judge Ramon E. Reyes, Jr

**Defendant (1)**

**Fawaz Olarenwaju Animasaun**
*TERMINATED: 11/17/2016*

represented by **Michelle A. Gelernt**
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
718–330–1204
Fax: 718–855–0760
Email: michelle_gelernt@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

**Plaintiff**

**USA**

represented by **Tarsha Althea Phillibert**
Jenner and Block

919 Third Avenue
37th Floor
New York, NY 10022
212−891−1686
Fax: 212−909−0867
Email: tphillibert@jenner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 11/17/2016 | 1 | 3 | RULE 40 AFFIDAVIT / removal complaint to the Eastern District of Texas by USA as to Fawaz Olarenwaju Animasaun (Yuen, Sui−May) (Entered: 11/18/2016) |
| 11/17/2016 | 2 | 24 | Minute Entry for proceedings held before Magistrate Judge Ramon E. Reyes, Jr:Initial Appearance in Rule 5(c)(3) Proceedings as to Fawaz Olarenwaju Animasaun held on 11/17/2016, Attorney Appointment of federal defender Michelle Gelernt for the defendant present. AUSA Tarsha Phillibert present. Clerk F Chin − " Defendant arraigned on removal complaint to the ED of Texas. No bail package presented. Commitment Order to ED of TX entered. Defendant waived identity hearing." (Tape #3;51−3;58.) (Yuen, Sui−May) (Entered: 11/18/2016) |
| 11/17/2016 | 3 | 25 | WAIVER of Rule 5(c)(3) Hearing by Fawaz Olarenwaju Animasaun (Yuen, Sui−May) (Entered: 11/18/2016) |
| 11/17/2016 | 4 | 26 | COMMITMENT TO ANOTHER DISTRICT as to Fawaz Olarenwaju Animasaun. Defendant committed to District of Eastern Distric to Texas.. Ordered by Magistrate Judge Ramon E. Reyes, Jr on 11/17/2016. (Yuen, Sui−May) (Entered: 11/18/2016) |
| 11/17/2016 | 5 | 27 | CJA 23 Financial Affidavit by Fawaz Olarenwaju Animasaun (Yuen, Sui−May) (Entered: 11/18/2016) |

JAP:TAP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – X

UNITED STATES OF AMERICA

- against –

FAWAZ OLARENWAJU ANIMASAUN,

Defendant.

– – – – – – – – – – – – – X

REMOVAL TO THE
EASTERN
DISTRICT
OF TEXAS

Fed. R. Crim. P. 5

EASTERN DISTRICT OF NEW YORK, SS:

GREG CHRISTIANSEN, being duly sworn, deposes and states that he is a

Special Agent with the United States Department of Homeland Security, Homeland Security

Investigations ("HSI"), duly appointed according to law and acting as such.

On or about June 15, 2016, an arrest warrant was issued by the United States

District Court for the Eastern District of Texas commanding the arrest of defendant FAWAZ

OLARENWAJU ANIMASAUN for conspiracy to commit bank fraud and wire fraud, in

violation of 18 U.S.C. § 1349, bank fraud and aiding and abetting, in violation of 18 U.S.C. §

1344 and 2, and aggravated identity theft and aiding and abetting, in violation of 18 U.S.C.

§ 1028A.

The source of your deponent's information and the grounds for his belief are as

follows:[1]

1.      I am a case agent involved in the underlying investigation in Texas.

_____

[1]      Because the purpose of this Complaint is to set forth only those facts necessary
to establish probable cause to arrest, I have not described all the relevant facts and
circumstances of which I am aware.

2.     On or about June 15, 2016, a grand jury sitting in the Eastern District of Texas returned an indictment charging the defendant with conspiracy to commit bank fraud and wire fraud, in violation of 18 U.S.C. § 1349, bank fraud and aiding and abetting, in violation of 18 U.S.C. § 1344 and 2, and aggravated identity theft and aiding and abetting, in violation of 18 U.S.C. § 1028A and 2.  On the same day, a warrant for the arrest of the defendant FAWAZ OLARENWAJU ANIMASAUN was issued by the United States District Court for the Eastern District of Texas in connection with the indictment.   A copy of the warrant and indictment is attached hereto as Exhibit A.

3.     On November 16, 2016, at approximately 4:00 pm the defendant FAWAZ OLARENWAJU ANIMASAUN arrived at John F. Kennedy International Airport in Queens, New York, aboard Delta Flight 9348 from the Netherlands (and before that Delta Flight 9373 from Ghana).   Customs and Border Protection ("CBP") referred the defendant to secondary screening and contacted HSI.  The defendant was arrested at the airport.  I reviewed the defendant's passport photograph and other pedigree information and determined that the defendant was the individual sought by the Eastern District of Texas.

3

4.      WHEREFORE, your deponent respectfully requests that the defendant

FAWAZ OLARENWAJU ANIMASAUN be removed to the Eastern District of Texas so that

he may be dealt with according to law.

Greg Christiansen
Special Agent, United States Department of
Homeland Security, Homeland Security
Investigations

Sworn to before me this
17th day of November, 2016

S | Reyes

THE HONOR
UNITED STA                    JR
EASTERN DI                    E

# FID: 10102194

AO 442   (Rev. 10/03)  Warrant for Arrest

# UNITED STATES DISTRICT COURT

| EASTERN | District of | TEXAS |
|---|---|---|

UNITED STATES OF AMERICA

V.

FAWAZ OLARENWAJU ANIMASAUN
1 BABS ANIMASHAUN STREET
SURULERE, LAGOS, NIGERIA

To: The United States Marshal
and any Authorized United States Officer

**SEALED**

## WARRANT FOR ARREST

Case Number:  6:16CR35-01

YOU ARE HEREBY COMMANDED to arrest     FAWAZ OLARENWAJU ANIMASAUN

Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

☑ Indictment  ☐ Information  ☐ Complaint  ☐ Order of court  ☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice

charging him or her with   (brief description of offense)

COUNT 1: 18 USC 1349 - CONSPIRACY TO COMMIT BANK FRAUD AND WIRE FRAUD
COUNTS 2-3: 18 USC 1344 AND 2 - BANK FRAUD AND AIDING AND ABETTING
COUNTS 4 AND 5: 18 USC 1028A AND 2 - AGGRAVATED IDENTITY THEFT AND AIDING AND ABETTING

ALIASES: RICHARDSON6567, LANRAY LARRY, LARRY HOOVER, SLIM HUSSTLE OLANRAYWAJU

in violation of Title _____ United States Code, Section(s) _____

| DAVID A. O'TOOLE | | David A. O'Toole |
|---|---|---|
| Name of Issuing Officer | | Signature of Issuing Officer |
| CLERK | 6/15/16 | Tyler |
| Title of Issuing Officer | Date | Location |

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

PER 18 U.S.C. 3170

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ INFORMATION   ☒ INDICTMENT   ☐ COMPLAINT

Matter Sealed: ☐ Juvenile   ☒ Other than Juvenile
☐ Pre-Indictment Plea   ☐ Superseding   ☐ Defendant Added
          ☐ Indictment   ☐ Charges/Counts Added
          ☐ Information

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT   **Eastern District**
DISTRICT OF TEXAS   Divisional Office

Name and Office of Person   **Nathaniel Kummerfeld**
Furnishing Information on   ☒ U.S. Atty   ☐ Other U.S. Agency
THIS FORM   Phone No.

Name of Asst.   **Nathaniel Kummerfeld**
U.S. Attorney
(if assigned)

| PROCEEDING |
|---|

Name of Complainant Agency, or Person (& Title, if any)
HSI Special Agent Greg Christiansen

☐ person is awaiting trial in another Federal or State Court
(give name of court)

☐ this person/proceeding transferred from another district
per (circle one) FRCrP  20,  21  or  40. Show District

☐ this is a reprosecution of charges
previously dismissed which were
dismissed on motion of:
   ☐ U.S. Atty   ☐ Defense

☐ this prosecution relates to a
pending case involving this same
defendant. (Notice of Related
Case must still be filed with the
Clerk.)

☐ prior proceedings or appearance(s)
before U.S. Magistrate Judge
regarding this defendant were
recorded under

SHOW
DOCKET NO.

MAG. JUDGE
CASE  NO.

Place of   Cherokee   County
offense

---

CASE NO.  6:16CR 35 — 01

USA vs.   **SEALED**
Defendant:   Fawaz Olarenwaju Animasaun

Address:   1 Babs Animashaun Street   **FILED**
Surulere, Lagos, Nigeria   **U.S. DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

**JUN 15 2016**

☐ Interpreter Required   Dialect   BY
**DEPUTY**

Birth
Date   4/13/1990

☒ Male   ☒ Alien
☐ Female   (if applicable)

Social Security Number _____

| DEFENDANT |
|---|

Issue:   ☒ Warrant   ☐ Summons

Location Status:

Arrest Date_____ or Date Transferred to Federal Custody_____

☐ Currently in Federal Custody
☐ Currently in State Custody
   ☐ Writ Required
☐ Currently on bond
☐ Fugitive

Defense Counsel (if any): _____

☐ FPD   ☐ CJA   ☐ RET'D
☐ Appointed on Target Letter

☐ This report amends AO 257 previously submitted

---

| OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS |
|---|

Felony - Count 1 = 18 U.S.C. § 1349 (Conspiracy to Commit Bank Fraud and Wire Fraud);
Felony - Counts 2 - 3 = 18 U.S.C. §§ 1344 and 2 (Bank Fraud and Aiding and Abetting);
Felony - counts 4 - 5 = 18 U.S.C. §§ 1028A and 2 (Aggravated Identity Theft and Aiding and Abetting)

U.S. MARSHAL
N. TEXAS
10 : 1 PM 6:01

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 15 2016

BY
SEALED
DATE

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § |
| | § |
| FAWAZ OLARENWAJU ANIMASAUN (01) | § |
| a/k/a RICHARDSON6567 | § |
| a/k/a LANRAY LARRY | § |
| a/k/a LARRY HOOVER | § |
| a/k/a SLIM HUSSTLE OLANRAYWAJU | § |
| IDOWU TEMITOPE OMOLADE (02) | § |
| a/k/a CLICKIDONLINE | § |
| a/k/a ID | § |
| a/k/a HIGHDEE | § |
| a/k/a MICHAEL CHERNICK | § |
| a/k/a CHERNICK.MICHAEL | § |

No. 6:16CR35
JUDGE/MHS/KNM

### INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### General Allegations

At all times relevant to this Indictment:

1.      Austin Bank was a "financial institution," as defined by Title 18, United

States Code, Section 20.  It was based in Jacksonville, Texas, within the Eastern District

of Texas.

2.      UMB Bank, N.A., was a "financial institution," as defined by Title 18,

United States Code, Section 20.  It was based in Kansas City, Missouri, within the

Western District of Missouri.

3.      UMB Financial Corporation (UMB) was a financial services company

based Kansas City, Missouri, within the Western District of Missouri.

Indictment – Page 1

4.     Northern Trust, N.A., was a "financial institution," as defined by Title 18, United States Code, Section 20.  It was based in Miami, Florida, within the Southern District of Florida.

5.     Northern Trust Corporation (Northern Trust) was a financial services company based Chicago, Illinois, within the Northern District of Illinois.

6.     Wells Fargo Bank, N.A. (Wells Fargo), was a "financial institution," as defined by Title 18, United States Code, Section 20.  It was based in Sioux Falls, South Dakota, within the District of South Dakota.

7.     Malayan Banking Berhad (Maybank) was a foreign bank based in Kuala Lumpur, Malaysia.

8.     CIMB Bank (CIMB) was a foreign bank based in Kuala Lumpur, Malaysia.

9.     **Fawaz Olarenwaju Animasaun (Animasaun) a/k/a Richardson6567 a/k/a Lanray Larry a/k/a Larry Hoover a/k/a Slim Husstle Olanraywaju** resided in or around Lagos, Nigeria.

10.    **Idowu Temitope Omolade (Omolade) a/k/a Clickidonline a/k/a ID a/k/a Highdee a/k/a Michael Chernick a/k/a Chernick.Michael** resided in or around Lagos, Nigeria and Kuala Lumpur, Malaysia.

## COUNT 1

Violation: 18 U.S.C. § 1349
(Conspiracy to Commit Bank
Fraud and Wire Fraud)

1.     The General Allegations section of this indictment is realleged and incorporated by reference as though fully set forth herein.

Indictment – Page 2

2.    From in or about April 2012, and continuing through in or about August 2012, the exact dates being unknown to the Grand Jury, in the Eastern District of Texas, and elsewhere, the defendants, **Fawaz Olarenwaju Animasaun a/k/a Richardson6567 a/k/a Lanray Larry a/k/a Larry Hoover a/k/a Slim Husstle Olanraywaju** and **Idowu Temitope Omolade a/k/a Clickidonline a/k/a ID a/k/a Highdee a/k/a Michael Chernick a/k/a Chernick.Michael**, along with others both known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree to violate 18 U.S.C. § 1344, bank fraud, that is to execute and attempt to execute a scheme and artifice to obtain money, funds, assets, securities, and other property owned by and under the custody and control of an insured financial institution by means of materially false and fraudulent pretenses, representations, and promises, and 18 U.S.C. § 1343, wire fraud, that is to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce any writings, signs, signals, pictures, and sounds for the purpose of executing a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises.

### Purpose of the Conspiracy

3.    It was the general purpose of the conspiracy for the defendants and their co-conspirators to unlawfully obtain money through unauthorized transfers of funds from bank accounts and brokerage accounts.

USCA2 11

## Manner and Means of the Conspiracy

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4.    To achieve the goals of the conspiracy, the defendants and their co-conspirators devised and carried out a scheme to obtain money and property by means of false and fraudulent pretenses, representations, and promises from financial institutions and financial services companies.

5.    **Omolade** and other co-conspirators, using false names, including but not limited to "Michael Chernick," communicated by email and Internet instant messaging, with individuals within the United States ("money mules") in order to secure their assistance in transferring stolen funds.

6.    **Animasaun** and other co-conspirators identified bank accounts and brokerage accounts ("target accounts") which contained funds that they intended to steal.

7.    **Animasaun** and other co-conspirators communicated by email with personnel at the financial institutions and financial services companies.

8.    During their communications with personnel at the financial institutions and financial services companies, **Animasaun** and other co-conspirators impersonated the actual account holders of the target accounts, harvested details about the target accounts, including account balances, and obtained wire transfer instructions.

9.    **Animasaun** and other co-conspirators instructed personnel at the financial institutions and financial services companies to initiate wire transfers without the actual account holders' knowledge or authorization.

10.    **Animasaun** kept **Omolade** apprised of communications with personnel at the financial institutions and financial services companies and, at various times, advised him to expect specific incoming wire transfers to the money mules' accounts.

11.    Money mules, acting at the direction of **Omolade** and other co-conspirators, received incoming wire transfers and initiated outgoing wire transfers as directed.

<u>**Overt Acts**</u>

In furtherance of the conspiracy and to achieve its objects and purpose, the following overt acts, among others, were committed in the Eastern District of Texas and elsewhere:

12.    On or about April 10, 2012, **Animasaun** caused UMB to execute a wire transfer in the amount of $27,871.00 from a UMB account ending in 6823 into a Wells Fargo account ending in 4392 without P.D.'s knowledge or authorization.

13.    On or about April 12, 2012, **Omolade** caused the holder of the Wells Fargo account ending in 4392 to execute a wire transfer in the amount of $26,000.00 into a Maybank account ending in 8633.

14.    On or about April 16, 2012, **Animasaun** caused UMB to execute a wire transfer in the amount of $28,073.00 from a UMB account ending in 6823 into a Wells Fargo account ending in 4392 without P.D.'s knowledge or authorization.

Indictment – Page 5

15.     On or about April 16, 2012, **Omolade** caused the holder of the Wells Fargo account ending in 4392 to execute a wire transfer in the amount of $26,000.00 into a Maybank account ending in 8633.

16.     On or about April 18, 2012, **Animasaun** caused UMB to execute a wire transfer in the amount of $38,120.00 from a UMB account ending in 6823 into a Wells Fargo account ending in 4392 without P.D.'s knowledge or authorization.

17.     On or about April 18, 2012, **Omolade** caused the holder of the Wells Fargo account ending in 4392 to execute a wire transfer in the amount of $38,000.00 into a Maybank account ending in 8633.

18.     On or about April 20, 2012, **Animasaun** caused UMB to execute a wire transfer in the amount of $48,850.00 from a UMB account ending in 6823 into a Wells Fargo account ending in 4392 without P.D.'s knowledge or authorization.

19.     On or about April 20, 2012, **Omolade** caused the holder of the Wells Fargo account ending in 4392 to execute a wire transfer in the amount of $47,000.00 into a Maybank account ending in 8633.

20.     On or about April 24, 2012, **Animasaun** caused UMB to execute a wire transfer in the amount of $49,630.00 from a UMB account ending in 6823 into a Wells Fargo account ending in 4392 without P.D.'s knowledge or authorization.

21.     On or about April 24, 2012, **Omolade** caused the holder of the Wells Fargo account ending in 4392 to execute a wire transfer in the amount of $46,000.00 into a Maybank account ending in 8633.

22.     On or about April 27, 2012, **Animasaun** caused UMB to execute a wire transfer in the amount of $37,721.00 from a UMB account ending in 6823 into a Wells Fargo account ending in 4392 without P.D.'s knowledge or authorization.

23.     On or about April 30, 2012, **Omolade** caused the holder of the Wells Fargo account ending in 4392 to execute a wire transfer in the amount of $37,000.00 into a Maybank account ending in 8633.

24.     On or about April 30, 2012, **Animasaun** caused UMB to execute a wire transfer in the amount of $86,190.00 from a UMB account ending in 6823 into a Wells Fargo account ending in 4392 without P.D.'s knowledge or authorization.

25.     On or about May 2, 2012, **Omolade** caused the holder of the Wells Fargo account ending in 4392 to execute a wire transfer in the amount of $43,000.00 into a Maybank account ending in 8633.

26.     On or about May 2, 2012, **Omolade** caused the holder of the Wells Fargo account ending in 4392 to execute a wire transfer in the amount of $43,000.00 into a CIMB account ending in 5523.

27.     On or about June 8, 2012, **Animasaun** and other co-conspirators caused Austin Bank to execute a wire transfer in the amount of $59,981.00 from an Austin Bank account ending in 135 into a Wells Fargo account ending in 4392 without C.E.'s knowledge or authorization.

28.     On or about June 11, 2012, **Omolade** caused the holder of the Wells Fargo account ending in 4392 to execute a wire transfer in the amount of $59,000.00 into a CIMB account ending in 5523.

29.     On or about June 12, 2012, **Animasaun** and other co-conspirators caused Austin Bank to execute a wire transfer in the amount of $20,900.00 from an Austin Bank account ending in 135 into a Wells Fargo account ending in 4392 without C.E.'s knowledge or authorization.

30.     On or about June 13, 2012, **Omolade** caused the holder of the Wells Fargo account ending in 4392 to execute a wire transfer in the amount of $21,000.00 into a Maybank account ending in 8633.

31.     On or about June 15, 2012, **Animasaun** caused Northern Trust to execute a wire transfer in the amount of $46,800.00 from a Northern Trust account ending in 4669 into a Wells Fargo account ending in 4392 without D.B.'s knowledge or authorization.

32.     On or about June 18, 2012, **Omolade** caused the holder of the Wells Fargo account ending in 4392 to execute a wire transfer in the amount of $46,000.00 into a Maybank account ending in 8633.

All in violation of 18 U.S.C. § 1349.

## COUNTS 2-3

> Violation:  18 U.S.C. §§ 1344 and 2 (Bank Fraud and Aiding and Abetting)

1.      The General Allegations section of this indictment and paragraphs 1-11 of Count 1 of this indictment are realleged and incorporated by reference as though fully set forth herein, as constituting and describing the defendants' scheme and artifice to obtain money and property from a financial institution by means of materially false and fraudulent pretenses, representations, and promises.

## Acts in Execution of the Scheme and Artifice

2.      On or about the dates specified as to each count below, in the Eastern District of Texas and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to obtain money, funds, assets, securities, and other property owned by and under the custody and control of an insured financial institution by means of materially false and fraudulent pretenses, representations, and promises, the defendants, **Fawaz Olarenwaju Animasaun a/k/a Richardson6567 a/k/a Lanray Larry a/k/a Larry Hoover a/k/a Slim Husstle Olanraywaju** and **Idowu Temitope Omolade a/k/a Clickidonline a/k/a ID a/k/a Highdee a/k/a Michael Chernick a/k/a Chernick.Michael**, acting in concert with and aided and abetted by each other and others known and unknown to the Grand Jury, knowingly caused Austin Bank to execute wire transfers in the amounts specified as to each count below from an Austin Bank account ending in 135 into the bank account specified below without the knowledge or authorization of the authorized account holder, C.E.:

| Count | Date | Amount | Bank Account Receiving Wire Transfer |
|-------|------|--------|--------------------------------------|
| 2 | June 8, 2012 | $59,981.00 | Wells Fargo account ending in 4392 |
| 3 | June 12, 2012 | $20,900.00 | Wells Fargo account ending in 4392 |

All in violation of 18 U.S.C. §§ 1344 and 2.

## COUNTS 4-5

Violation: 18 U.S.C. §§ 1028A
and 2 (Aggravated Identity Theft
and Aiding and Abetting)

1.      Paragraphs 1 and 2 of Counts 2-3 of this indictment are realleged and incorporated by reference as though fully set forth herein.

Indictment – Page 9

2.     On or about the dates specified as to each count below, in the Eastern District of Texas, and elsewhere, the defendants, **Fawaz Olarenwaju Animasaun a/k/a Richardson6567 a/k/a Lanray Larry a/k/a Larry Hoover a/k/a Slim Husstle Olanraywaju and Idowu Temitope Omolade a/k/a Clickidonline a/k/a ID a/k/a Highdee a/k/a Michael Chernick a/k/a Chernick.Michael**, acting in concert with and aided and abetted by each other and others known and unknown to the Grand Jury, did, without lawful authority, knowingly use, a means of identification of another person, that is, a name, during in and relation to a felony enumerated in 18 U.S.C. § 1028A(c), that is, bank fraud, a violation of 18 U.S.C. § 1344:

| Count | Date | Name |
|-------|------|------|
| 4 | June 8, 2012 | C.E. |
| 5 | June 12, 2012 | C.E. |

All in violation of 18 U.S.C. §§ 1028A and 2.

**Indictment – Page 10**

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A) and 28 U.S.C. § 2461(c)

1.      The allegations contained in Counts 1 through 3 of this indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest.

2.      Upon conviction of any violation of 18 U.S.C. § 1349, the defendants, **Fawaz Olarenwaju Animasaun a/k/a Richardson6567 a/k/a Lanray Larry a/k/a Larry Hoover a/k/a Slim Husstle Olanraywaju** and **Idowu Temitope Omolade a/k/a Clickidonline a/k/a ID a/k/a Highdee a/k/a Michael Chernick a/k/a Chernick.Michael**, shall forfeit to the United States any property, real or personal, that constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity," or a conspiracy to commit such offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

3.      Upon conviction of any violation of 18 U.S.C. § 1344, the defendants, **Fawaz Olarenwaju Animasaun a/k/a Richardson6567 a/k/a Lanray Larry a/k/a Larry Hoover a/k/a Slim Husstle Olanraywaju** and **Idowu Temitope Omolade a/k/a Clickidonline a/k/a ID a/k/a Highdee a/k/a Michael Chernick a/k/a Chernick.Michael**, shall forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of the violation, pursuant to 18 U.S.C. § 982(a)(2)(A).

4.      The property which is subject to forfeiture, includes but is not limited to the following:

A money judgment in the amount of $930,737.60, which represents

proceeds of the offense.

5.      Pursuant to 21 U.S.C. § 853(p), as incorporated by reference by 18 U.S.C. § 982(b), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendants:

a.  Cannot be located upon the exercise of due diligence;

b.  Has been transferred, or sold to, or deposited with a third party;

c.  Has been placed beyond the jurisdiction of the Court;

d.  Has been substantially diminished in value; or

e.  Has been commingled with other property which cannot be subdivided

without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the

defendants up to the value of the above-described forfeitable properties, including, but

not limited to, any identifiable property in the names of **Fawaz Olarenwaju Animasaun**

**a/k/a Richardson6567 a/k/a Lanray Larry a/k/a Larry Hoover a/k/a Slim Husstle**

**Olanraywaju** and **Idowu Temitope Omolade a/k/a Clickidonline a/k/a ID a/k/a**

**Highdee a/k/a Michael Chernick a/k/a Chernick.Michael**.

6.      By virtue of the commission of the offenses alleged in this indictment, any

and all interest the defendants have in the above-described property is vested in the

United States and hereby forfeited to the United States pursuant to 18 U.S.C.

§§ 981(a)(1)(C) and 982(a)(2)(A) and 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A) and 28 U.S.C. §

2461(c), and the procedures set forth at 21 U.S.C. § 853, as made applicable through 18

U.S.C. § 982(b)(1).

<div style="margin-left: 50%;">

A TRUE BILL

_____
GRAND JURY FOREPERSON

6|15|16
_____
Date

</div>

JOHN M. BALES
UNITED STATES ATTORNEY

NATHANIEL C. KUMMERFELD
ASSISTANT UNITED STATES ATTORNEY

Indictment – Page 13

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:16CR___ |
| | § | JUDGE _____ |
| FAWAZ OLARENWAJU ANIMASAUN (01) | § | |
|    a/k/a RICHARDSON6567 | § | |
|    a/k/a LANRAY LARRY | § | |
|    a/k/a LARRY HOOVER | § | |
|    a/k/a SLIM HUSSTLE OLANRAYWAJU | § | |
| IDOWU TEMITOPE OMOLADE (02) | § | |
|    a/k/a CLICKIDONLINE | § | |
|    a/k/a ID | § | |
|    a/k/a HIGHDEE | § | |
|    a/k/a MICHAEL CHERNICK | § | |
|    a/k/a CHERNICK.MICHAEL | § | |

## NOTICE OF PENALTY

### COUNT 1

**VIOLATION:**         18 U.S.C. § 1349
Conspiracy to Commit Bank Fraud

**PENALTY:**         Imprisonment of not more than thirty (30) years; the greater
of a fine not to exceed $1,000,000, a fine not to exceed two
times the gross gain to the Defendant, or a fine not to exceed
two times the loss to the victim, or both such imprisonment
and fine; and a term of supervised release of not more than
five (5) years.

**SPECIAL ASSESSMENT:** $100.00

### COUNTS 2-3

**VIOLATION:**         18 U.S.C. §§ 1344 and 2
Bank Fraud and Aiding and Abetting

**PENALTY:**         Imprisonment of not more than thirty (30) years; the greater
of a fine not to exceed $1,000,000, a fine not to exceed two

times the gross gain to the Defendant, or a fine not to exceed two times the loss to the victim, or both such imprisonment and fine; and a term of supervised release of not more than five (5) years.

SPECIAL ASSESSMENT: $100.00 each count

## COUNTS 4-5

VIOLATION:                18 U.S.C. §§ 1028A and 2
                          Aggravated Identity Theft and Aiding and Abetting

PENALTY:                  Imprisonment of not less than two (2) years and a fine of
                          $250,000 to be followed by not more than one (1) year
                          supervised release.  This sentence is to run consecutively to
                          any other sentence imposed.  A person convicted of a
                          violation of this section shall not be placed on probation.

SPECIAL ASSESSMENT: $100.00 each count

## INITIAL APPEARANCE CALENDAR

Magistrate Judge : __**Ramon E. Reyes Jr**__          Date: __**11/17/16**__

Magistrate Case Number: __**16-1029M**__          LOG #: __3:51- 3:58__

Defendant's Name: __**Fawaz Animasaun**__

__✓__   Court appointed counsel.      _____ Defendant retained counsel.

Defense Counsel: __**Michelle Gelernt**__          CJA:___ FDNY: __✓__ RET:___

A.U.S.A. __**Tarsha Phillibert**__          Clerk : __**Felix Chin**__

Interpreter : _____   Language: _____

__✓__          ARRAIGNMENT on Complaint held.   __✓__ Government Agent Sworn

___   DETENTION HEARING Held: _____ Government opposed bail for reasons stated on the record.

_____ Bond set at _____.   _____ Bond set on consent of both parties.

Defendant :   ___ released   ___ held pending satisfaction of bond conditions.

_____ Defendant advised of bond conditions set by the Court and signed the bond.

_____ Surety(ies) sworn, advised of bond obligations by the Court and signed the bond.

_____ (Additional) surety/ies to co-sign bond by _____

_____ After detention hearing, Court orders detention in custody.   _____ Leave to reopen granted

_____ Temporary Order of Detention Issued.  Bail Hearing set for _____

_____ At this time, defense counsel states on the record that the defendant does not have a bail application / package. Order of detention entered with leave to reapply to a Magistrate or to the District Court Judge to whom the case will be assigned.

_____ Preliminary Hearing set for:_____; or   _____ waived by defendant

_____ Status Conference set for:_____ before Judge _____

_____ Medical memo issued.

__✓__          REMOVAL (Rule 5) PROCEEDING held.  To the district of: __ED TX__

_____ Identity hearing held. Court ___ orders removal ___ denies removal

__✓__ Defendant waives: __✓__ identity hearing ___ preliminary hearing

_____ Identity/ Removal Hearing set for: _____

__✓__ No bail application presented to the Court. Commitment to the District __Eastern of Texas__ entered.

Other Comments/Rulings:_____

_____

_____

_____

_____

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### for the
### EASTERN DISTRICT OF NEW YOR

United States of America )
v. )
Fawaz Orlarenwaju Animasaun, *Defendant* )
)
)
)

Case No. 16 - 1029m

Charging District's Case No.

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* ED TX

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5)    a hearing on any motion by the government for detention;

(6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑  an identity hearing and ~~production of the warrant~~.

☐  a preliminary hearing.

☐  a detention hearing.

☐  an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 11/17/16

X _____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

# UNITED STATES DISTRICT COURT

| EASTERN | District of | NEW YORK |
|---------|------------|----------|

| UNITED STATES OF AMERICA | COMMITMENT TO ANOTHER |
| V. | DISTRICT |

Fawaz Olarenwaju Animasaun

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| | 16 CR 35 | 16-1029m | |

## CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN

☑ Indictment   ☐ Information   ☐ Complaint   ☐ Other (specify)   Violation of Conditions of release

charging a violation of   18   U.S.C. §   ~~20~~ 1349

**DISTRICT OF OFFENSE**   Eastern District of Texas

**DESCRIPTION OF CHARGES:**

Conspiracy to commit bank fraud

## CURRENT BOND STATUS:

☐ Bail fixed at                         and conditions were not met
☐ Government moved for detention and defendant detained after hearing in District of Arrest
☐ Government moved for detention and defendant detained pending detention hearing in District of Offense
☐ Other (specify)

| Representation: | ☐ Retained Own Counsel | ☑ Federal Defender Organization | ☐ CJA Attorney | ☐ None |
| Interpreter Required? | ☑ No | ☐ Yes | Language: | |

**DISTRICT OF  NEW YORK**

### TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

| 11·17·16 | | |
| Date | United S | S/ Reyes |

### RETURN

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|---|
| | | |