IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:16CR35 |
| | § | JUDGE CLARK |
| FAWAZ OLARENWAJU ANIMASAUN (01) | § | |
|    a/k/a RICHARDSON6567 | § | |
|    a/k/a LANRAY LARRY | § | |
|    a/k/a LARRY HOOVER | § | |
|    a/k/a SLIM HUSSTLE OLANRAYWAJU | § | |

## PLEA AGREEMENT

The defendant, Fawaz Olarenwaju Animasaun, the defendant's attorney, Emmanuella Agwu, and the United States Attorney for the Eastern District of Texas agree to the following:

1.  **RIGHTS OF THE DEFENDANT:**  The defendant understands that accused individuals have the following rights, among others:

      a.      to plead not guilty;

      b.      to have a trial by jury;

      c.      to have guilt proved beyond a reasonable doubt;

      d.      to confront and cross-examine witnesses and to call witnesses in defense; and

      e.      to not be compelled to testify against oneself.

2.  **WAIVER OF RIGHTS AND PLEA OF GUILTY:**  The defendant waives these rights and agrees to enter a plea of guilty to Count One of the indictment, which charges a violation of 18 U.S.C. § 1349, Conspiracy to Commit Bank Fraud and Wire Fraud.  The

hf

defendant understands the nature and elements of the crime to which guilt is admitted and

agrees that the factual statement the defendant has signed is true and will be submitted as

evidence.

3.    SENTENCE:  The maximum penalties the Court can impose include:

   a.    imprisonment for a period not to exceed 30 years;

   b.    a fine not to exceed $1,000,000, or twice any pecuniary gain to the
         defendant or loss to the victims;

   c.    a term of supervised release of not more than five years, which may
         be mandatory under the law and will follow any term of
         imprisonment.  If the defendant violates the conditions of supervised
         release, the consequence could be imprisonment for the entire term
         of supervised release;

   d.    a mandatory special assessment of $100.00, which must be paid by
         cashier's check or money order to the United States District Clerk
         before sentencing;

   e.    forfeiture of property, that constitutes, or is derived from, proceeds
         traceable to the violation;

   f.    restitution to victims or to the community; and

   g.    costs of incarceration and supervision.

4.    COURT'S SENTENCING DISCRETION AND ROLE OF THE GUIDELINES:

The defendant understands that the sentence in this case will be imposed by the Court

after consideration of the U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G. or

guidelines).  The guidelines are not binding on the Court, but are advisory only.  The

defendant has reviewed the guidelines with defense counsel, but understands that no one

can predict with certainty the outcome of the Court's consideration of the guidelines in

this case.  The defendant will not be allowed to withdraw the plea entered pursuant to this

agreement if the sentence is higher than expected, so long as it is within the statutory maximum.  The defendant understands that the actual sentence to be imposed is solely in the discretion of the Court.

5.    GUIDELINE STIPULATIONS:  The parties stipulate to the following factors that affect the appropriate sentencing range in this case:

    a.    The base offense level pursuant to U.S.S.G. § 2B1.1(a)(1) is 7.

    b.    The following specific offense characteristics in U.S.S.G. § 2B1.1 apply:

    (1)    The adjustment of U.S.S.G. § 2B1.1(b)(1)(H) applies, providing for an increase of 14 levels because the loss was more than $550,000 but was less than or equal to $1,500,000;

    (2)    The adjustment of U.S.S.G. § 2B1.1(b)(10)(B) applies, providing for an increase of two levels because a substantial part of the fraudulent scheme was committed from outside the United States; and

    c.    A reduction of three levels for acceptance of responsibility under U.S.S.G. § 3E1.1 applies; however, this stipulation is subject to recommendation of the United States Probation Office and the other provisions of this plea agreement.  **If circumstances indicating that the defendant has not accepted responsibility become known after execution of this agreement, this stipulation is void and the defendant may object to the failure of the presentence report to recommend the reduction.  The government's request to decrease the offense level by <u>one</u> level in accordance with U.S.S.G. § 3E1.1(b) is contingent on the defendant demonstrating acceptance of responsibility for the offense conduct and cooperating fully in recovering restitution for all relevant conduct.**

The parties understand that the Court is not bound by these stipulations.

Furthermore, the parties specifically agree that other specific offense characteristics or guideline adjustments may increase or decrease the appropriate sentencing range.

Plea Agreement – Page 3

Nothing in this agreement will preclude argument by either party regarding any other specific offense characteristic or guideline adjustment.

6.     ACCEPTANCE OF RESPONSIBILITY:  The defendant understands that by accepting responsibility and giving truthful and complete information concerning his participation in the offense of conviction he may be entitled to a reduction in his offense level under § 3E1.1 of the Sentencing Guidelines.  The defendant shall not violate any other state or federal law or take any action that would obstruct the government's investigation into the offense of conviction or other criminal activities.  Upon request, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the United States Probation Office regarding his ability to satisfy any fines or restitution to be imposed.

7.     RESTITUTION:  The defendant understands that restitution may be ordered by the Court.  The defendant agrees that restitution in this case is not limited to the offense of conviction and may include restitution for all losses caused by the defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by the defendant in the factual statement.  The defendant waives any defense or objection to any action to enforce the collection of the financial obligations to be imposed in connection with this prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. § 3664(j)(2), or 18 U.S.C. § 3613(f).

The parties further stipulate that the currently unreimbursed losses caused by the defendant's criminal violations are $930,737.60 and that this is the appropriate amount should the Court order restitution.  The defendant agrees to pay full restitution to the

victims on the count of conviction and all relevant conduct.  The defendant understands

that the amount of restitution owed will be determined at or before sentencing [; however,

the parties agree that said restitution is limited to the value of the funds involved in the

relevant offense conduct or $930,737.60.  The parties understand that the Court is not

bound by these stipulations.

8.     FORFEITURE:  The defendant agrees to forfeit to the United States

voluntarily and immediately all of the defendant's right, title, and interest to the

following property which is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(c) and

28 U.S.C. § 2461(c):

A money judgment in the amount of $930,737.60.

The defendant agrees that such sum in aggregate is subject to forfeiture to the

government pursuant to the aforementioned statute because the property constitutes, or is

derived from, proceeds traceable, directly or indirectly, to the illegal activity described in

the indictment.  The defendant agrees to fully assist the government in the forfeiture of

the listed property and to take whatever steps are necessary to pass clear title to the

United States, including but not limited to surrender of title and execution of any

documents necessary to transfer the defendant's interest in any of the above property to

the United States, and take whatever steps are necessary to ensure that assets subject to

forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for

forfeiture.  The defendant agrees not to file a claim to the listed property in any civil

proceeding, administrative or judicial, which may be initiated.  The defendant agrees to

waive the right to notice of any forfeiture proceeding involving the above described

property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding.  The defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding.  The defendant agrees to waive any claim or defense under the Eighth Amendment to the Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States or its subdivisions.  Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.  The defendant waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant and defendant's attorney also understand that the government may file motions for preliminary and final orders of forfeiture regarding the property described herein. The defendant and defendant's attorney agree that the government may file these motions unopposed and may state in the certificates of conference for these motions that the defendant has no objection to the relief sought without having to further contact the defendant or defendant's attorney.

9.   IMMIGRATION STATUS CONSEQUENCES:  Defendant recognizes that pleading guilty to a crime may affect the immigration status of people who are not citizens of the United States.  Under federal law, a broad range of crimes are removable offenses including the offense to which the defendant is pleading guilty.  Removal and

Plea Agreement – Page 6

other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict with certainty the effect this conviction will have on the defendant's immigration status. The defendant wants to plead guilty regardless of any immigration consequences that the plea may entail, even if the consequence is automatic removal from the United States.

10. **GOVERNMENT'S AGREEMENT:** The United States Attorney for the Eastern District of Texas agrees not to prosecute the defendant for any additional non-tax related criminal charges based upon the conduct underlying and related to the defendant's plea of guilty. After sentencing, the government will dismiss any remaining criminal charges against this defendant.

11. **VIOLATION OF AGREEMENT:** The defendant understands that upon violation of any provision of this agreement or any Court order or rule, or if the guilty plea pursuant to this agreement is vacated or withdrawn, the government will be free from its obligations under this agreement and may prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution.

12. **VOLUNTARY PLEA:** This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

13. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE:** Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all

grounds.  The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255.  The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum.  The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

14.  **WAIVER OF RIGHT TO RECORDS:**  The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

15.  **REPRESENTATION OF COUNSEL:**  The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation.  The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea.  After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

16.  **LIMITATIONS ON THIS AGREEMENT:**  This agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority.  Nothing in this agreement shall be

Plea Agreement – Page 8

construed to release the defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

      17.     **ENTIRETY OF AGREEMENT:** <u>This Plea Agreement consists of this document and the sealed addendum required by Local Rule CR-49. References in this document to "agreement" or "Plea Agreement" refer to both this document and the sealed addendum.</u> The defendant, the defendant's attorney, and the government acknowledge that this agreement is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

Respectfully submitted,

BRIT FEATHERSTON
ACTING U.S. ATTORNEY

Dated: _12/28/2016_

_Nathaniel C. Kummerfeld_
Nathaniel C. Kummerfeld
Assistant United States Attorney

    I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Dated: _12/23/2016_

_Animasaun_
Fawaz Olarenwaju Animasaun
Defendant

    I am counsel for the defendant. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

Dated: _12/27/2016_

_Emmanuella Agwu_
Emmanuella Agwu
Attorney for Defendant

Plea Agreement – Page 9